WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Putnam,<br><br>                Plaintiff,<br><br>v.<br><br>Michael J. Astrue, et al.,<br><br>                Defendants. | No. CV-12-00543-PHX-JAT<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act. (Doc. 34). The Court now rules on the Motion.

**I.    Background**

On April 23, 2010, a Social Security Administrative Law Judge ("ALJ") found Plaintiff "not disabled" under the Social Security Act. Plaintiff exhausted his appeals at the agency, and subsequently filed this lawsuit. This Court reversed and remanded the ALJ's decision, finding error in the ALJ's exclusive reliance on the Medical-Vocational Guidelines at 20 C.F.R. § 404(P) app. 2 ("grids"):

> . . . . The ALJ accepted the fact that Plaintiff has diminished use of his left hand, but concluded that this limitation is irrelevant because Plaintiff is right-handed and Plaintiff's right hand is unaffected. (TR 26). However, because the ALJ accepts the fact that Plaintiff has diminished use of his left hand, Plaintiff is incapable of performing jobs requiring bilateral manual dexterity.

> Where a claimant is limited to sedentary work and has a permanent injury to one hand which precludes jobs requiring bilateral manual dexterity, reliance on the grids is legal error. *Fife v. Heckler*, 767 F.2d 1427, 1430 (9th Cir. 1985). Accordingly, the ALJ committed legal error by relying on the grids in this case.
>
> Moreover, where the grids "do not accurately and completely describe [Plaintiff's] limitations," "the ALJ [is] *required* to take the testimony of a vocational expert," and failing to do so is reversible error. *Tackett v. Apfel*, 180 F.3d 1094, 1104 (9th Cir. 1999) (emphasis in original). Here, the Court finds that Plaintiff's inability to use his left hand renders the grids inapplicable. Nonetheless, the ALJ failed to hear testimony from a vocational expert. Accordingly, the ALJ committed reversible error.

(Doc. 32 at 12–13).

Plaintiff then filed the current Motion, requesting attorney's fees and costs under the Equal Access to Justice Act ("EAJA").

**II.  Discussion**

On a motion for attorney's fees and costs pursuant to the EAJA, a prevailing party is entitled to attorney's fees unless the government's position was substantially justified or special circumstances would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).  Under the EAJA, the government's position includes both its litigating position and the action or failure to act by the agency upon which the civil action is based.  28 U.S.C. § 2412(d)(2)(D). Furthermore, the Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (affirming Ninth Circuit's holding that substantially justified means having a reasonable basis both in law and fact); *see also Abela v. Gustafson*, 888 F.2d 1258, 1264 (9th Cir. 1989).  The government bears the burden of showing that its position was

substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

The Government correctly points out that the standard of review of a social security decision ("substantial evidence" standard) and the standard for awarding EAJA attorney's fees ("substantially justified" standard) are not synonymous. The Ninth Circuit has made clear, however, that because the reversal of an agency decision is a "strong indication" that the agency's position was not substantially justified, it would be "unusual" to reverse an agency decision and not award attorney's fees under the EAJA. *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir.2005)).

The error at issue here is the ALJ's failure to utilize a vocational expert in light of the fact that Plaintiff's left hand injury rendered the grids inapplicable. (Doc. 32 at 12–13). The Ninth Circuit has held that the grids can be used to determine that a claimant is not disabled only under certain circumstances:

> The grids are an administrative tool the Secretary may rely on when considering claimants with substantially uniform levels of impairment. They may be used, however, only when the grids accurately and completely describe the claimant's abilities and limitations. When a claimant's non-exertional limitations are "sufficiently severe" so as to significantly limit the range of work permitted by the claimant's exertional limitations, the grids are inapplicable. In such instances, the Secretary must take the testimony of a vocational expert, and identify specific jobs within the claimant's capabilities.

*Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988) (internal quotations and citations omitted).   This Court held that the ALJ erred by relying on the grids to deem Plaintiff not disabled, despite finding Plaintiff had diminished use of his left hand—a limitation which the grids do not take into account. (Doc. 32 at 12–13).

Plaintiff argues that this error was not substantially justified because the ALJ's

error was a legal mistake and thus cannot be a close question. Plaintiff points out that this Court relied on Ninth Circuit case law to determine that the ALJ erroneously relied exclusively on the grids, and that under S.S.R. 85-15, limitations on dexterity narrow the number of jobs a claimant can perform.

The Government argues that the ALJ was substantially justified in not using a vocational expert because Plaintiff's injuries were arguably not severe. The Government reasons that the ALJ "did not include a manipulative limitation in his residual functional capacity assessment, and expressly relied upon the residual functional capacity assessment of Robert Estes, M.D., who found no manipulative impairment." (*Id.*) (internal emphasis and citations omitted). The Government also points out that "neurologists Harry S. Morehead, M.D., and Daniela Caltaru, M.D., concluded that Plaintiff's left-sided weakness was nonphysiologic or 'rather functional,' indicating that they found the nature and extent of such limitation questionable." (*Id.*). Furthermore, the Government argues that S.S.R. 85-15, cited by Plaintiff, specifically notes that a vocational expert "would not ordinarily be required where a person has a loss of ability to feel the size, shape, temperature, or texture of an object by the fingertips, since this is a function required in very few jobs." In short, because the severity of Plaintiff's left arm injury was "questionable" and the need for a vocational expert is not always needed to make these determinations, the Government argues that it was a close question whether the ALJ could rely solely on the grids to make a disability determination.

The Court agrees with the Government. Reasonable minds could disagree as to whether Plaintiff's left hand injury "sufficiently severe" to require a vocational expert. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). Indeed, as the Government points out, there was testimony on the record that Plaintiff's left hand injury was not very severe, and that his left-sided weakness was questionable. Additionally, S.S.R. 85-15 does not definitively require vocational experts to be used in *all* cases involving limitations on fingering or manipulation. Rather, the rule specifically states that such experts "may be needed," and that even where a claimant has lost the ability to feel the

size, shape, temperature, or texture of objects with his hand, a vocational expert "would not ordinarily be needed." Therefore, although the Court found that a vocational expert should have been used, the ALJ's failure to obtain vocational expert testimony was substantially justified.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, (Doc. 34), is **DENIED**.

Dated this 12th day of January, 2015.

James A. Teilborg
Senior United States District Judge